IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| ALIZABETH ADONG, Administrator of the | ) | 1:19-cv-00007-RGE-HCA |
| Estate of DESTINY NYANVU GAK | ) | |
| ADONG, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED COMPLAINT AND JURY |
| vs. | ) | DEMAND |
| | ) | |
| CHI HEALTH d/b/a CHI HEALTH MERCY | ) | |
| COUNCIL BLUFFS; TEAM HEALTH INC.; | ) | |
| KIMBERLY K. HAGNER, ARNP; | ) | |
| GREGORY A. JEPPESEN, D.O.; and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendants. | ) | |

Plaintiff Alizabeth Adong, as Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, files this Complaint against the Defendants and states as follows:

1.     That Alizabeth Adong is the surviving mother of Destiny Nyanvu Gak Adong, Deceased and is a resident of Council Bluffs, Pottawattamie County, Iowa.

2.     That on or about June 26, 2017, Alizabeth Adong was appointed Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, by the District Court of Iowa in and for Pottawattamie County, Iowa.  The Letters of Appointment are attached hereto as Exhibit "A" and incorporated herein by reference.

3.     At all times material hereto, Defendant CHI Health b/d/a CHI Health Mercy Council Bluffs, (herein after referred to as "CHI Health Mercy") was an Iowa Corporation licensed pursuant to the laws in the State of Iowa with its principle place of business in Council Bluffs, Pottawattamie County, Iowa.

4.     At all times material hereto, Defendant Team Health, Inc. (herein after referred to as "Team Health") was a Tennessee Corporation with its principle place of business located in

Knoxville, Tennessee, and was conducting business by and through its agents and employees at CHI Health Mercy in Council Bluffs, Pottawattamie County, Iowa.

5.      At all times material hereto, Defendant Kimberly K. Hagner, ARNP (herein after referred to as "Hagner") was an Advanced Registered Nurse Practitioner, employed by Team Health and was working as an ARNP at CHI Health Mercy, in Pottawattamie County, Iowa.

6.      At all times material hereto, Defendant Gregory A. Jeppesen, D.O. (herein after referred to as "Jeppesen") was a physician, employed by Team Health and was working as an emergency room physician at CHI Health Mercy, in Pottawattamie County, Iowa.

7.      At all times material hereto, CHI Health Mercy had contracted with Team Health to provide emergency room services at CHI Health Mercy Council Bluffs Emergency Department in Council Bluffs, Pottawattamie County, Iowa.

8.      At all times material hereto, Defendant United States of America (herein after referred to as "United States") owned, operated, and maintained All Care Health Center (herein after referred to as "All Care), medical clinic, located in Council Bluff, Pottawattamie County, Iowa.

9.      Venue is appropriate in the Southern District of Iowa because the negligent acts complained of occurred in this District and because the Defendants operate and conduct business in this District.

10.     Jurisdiction in this matter is based upon 28 U.S.C. §1346(b) and 28 U.S.C. §§2671-2680, commonly referred to as the Federal Tort Claims Act.

11.     As required by statute, Plaintiff presented her claim to the Defendant United States by mailing Standard Form 95 Claim for Damage, Injury or Death to the United States Department of Health and Human Services, Office of General Counsel Claims and Employment

located at 330 C Street, S.W., Switzer Building, Suite 2600, Washington, DC 20201, and All Care Health Center, 902 S. 6th Street, Council Bluffs, IA 51503, on April 27, 2018, and was assigned Claim Number 2018-0434. A copy of the claim and acknowledgement and receipt thereof are attached hereto as Exhibit "B" and incorporated herein by reference.

12.     That on or about January 9, 2019, the Administrative Tort Claim of Alizabeth Adong as administrator for the Estate of Destiny Nyanvu Gak Adong, Deceased, was denied by the Department of Health and Human Services. A copy of this denial is attached hereto as Exhibit "C" and is incorporated herein by reference.

13.     At all times material herein, Destiny Nyanvu Gak Adong, Deceased, was not a member of the armed forces of the United States of America.

## FACTS

14.     On March 15, 2017, Alizabeth Adong took her daughter, Destiny Nyanvu Gak Adong, to All Care Health Center in Council Bluffs, Pottawattamie County, Iowa, with complaints of fever, abdominal pain, and vomiting that had been ongoing for approximately three days. During this visit, Destiny Nyanvu Gak Adong, was seen and evaluated by Aruntha Swampillai, M.D., who at the time was an employee of All Care Health Center in Council Bluffs, Pottawattamie County, Iowa.

15.     Following this evaluation, Dr. Swampillai recommended that Alizabeth Adong take her daughter, Destiny Nyanvu Gak Adong, to the Emergency Room at CHI Health Mercy for labs and further evaluation and treatment. An employee of All Care Health Center called the emergency room at CHI Health Mercy and advised that Destiny Nyanvu Gak Adong had been seen in their clinic and was being referred to the emergency department at CHI Health Mercy for laboratory services and further evaluation and treatment. This information was received and

documented by a nurse at CHI Health Mercy, who subsequently gave this information to Defendant Jeppesen. Dr. Swampillai and other employees of All Care Health Center then arranged for transportation of Alizabeth Adong and her daughter, Destiny Nyanvu Gak Adong, to the emergency room at CHI Health Mercy.

16.     Upon arrival to the emergency room at CHI Health Mercy, Destiny Nyanvu Gak Adong was seen and evaluated by nurses, agents, and employees, of CHI Health Mercy, along with Defendant Hagner.   During this evaluation, Alizabeth Adong and her daughter, Destiny Nyanvu Gak Adong, advised the nurses, agents, and employees of Defendant CHI Health Mercy and Defendant Hagner that Destiny Nyanvu Gak Adong had ongoing fever, abdominal pain, and vomiting for past couple of days.  Defendant Hagner evaluated Destiny Nyanvu Gak Adong, but did not order any labs.  Following her evaluation, Defendant Hagner prescribed Zofran, one tablet by mouth every eight hours as needed for nausea and vomiting and recommended that Destiny Nyanvu Gak Adong follow up with her healthcare provider at All Care Health Center in two days.

17.     That at no time prior to or after Defendant Hagner's evaluation of Destiny Nyanvu Gak Adong was the information that was provided to Defendant CHI Health Mercy and Defendant Jeppesen ever shared with Defendant Hagner.

18.     That after being discharged from CHI Health Mercy Emergency Room, Alizabeth Adong took her daughter, Destiny Nyanvu Gak Adong, home where she continued to be lethargic with complaints of being hot.  Destiny Nyanvu Gak Adong laid down in bed and later that evening was found by her family with her eyes rolled back and blood coming out of her nose.

19.    After finding Destiny Nyanvu Gak Adong in her bed, Destiny Nyanvu Gak Adong's family immediately called 911.  Fire and Rescue arrived and transported Destiny Nyanvu Gak Adong back to CHI Health Mercy Emergency Room.  Resuscitation efforts were initiated and an endotracheal tube was placed. Despite these resuscitation efforts, Destiny Nyanvu Gak Adong remained pulseless and the code was called.

20.    Destiny Nyanvu Gak Adong passed at approximately 11:27 pm on March 15, 2017.

21.    Defendants, and each of them, were negligent, and for which negligence is the approximate cause of the death of Destiny Nyanvu Gak Adong.  Defendants were negligent in one or more of the following particulars:

    a)    <u>As to Defendants CHI Health Mercy, Team Health, Jeppesen and Hagner</u>:

        i.    In failing to perform a proper and thorough examination or evaluation of Destiny Nyanvu Gak Adong on March 15, 2017;

        ii.    In failing to order timely and appropriate diagnostic testing, including labs, on March 15, 2017;

        iii.    In failing to timely and properly relay and provide critical information from Defendant All Care Health Center to the appropriate provider(s) prior to the examination and evaluation of Destiny Nyanvu Gak Adong in March 15, 2017;

        iv.    In failing to properly discover, diagnose, and treat Destiny Nyanvu Gak Adong's condition;

        v.    In failing to provide Destiny Nyanvu Gak Adong with proper and adequate medical care;

vi.    In failing to timely recognize, diagnose, and treat Destiny Nyanvu Gak Adong's illness and condition on March 15, 2017;

vii.    In failing to diagnose Destiny Nyanvu Gak Adong's condition on March 15, 2017;

viii.    In failing to properly supervise and oversee nurses, agents, and employees involved in providing the care and treatment to Destiny Nyanvu Gak Adong during her emergency room visit on March 15, 2017; and

ix.    In failing to exercise ordinary and reasonable care under the circumstances

b)    <u>As to Defendant United States</u>:

i.    In failing to properly communicate to Defendant CHI Health Mercy why agents and employees of All Care Health Center were referring and transferring Destiny Nyanvu Gak Adong to their facility for further evaluation;

ii.    In failing to properly diagnose and treat Destiny Nyanvu Gak Adong's condition;

iii.    In failing to properly provide Destiny Nyanvu Gak Adong with proper and adequate medical care;

iv.    In failing to timely diagnose and treat Destiny Nyanvu Gak Adong's illness on March 15, 2017;

v.    In failing to diagnose Destiny Nyanvu Gak Adong's condition on March 15, 2017; and

vi.     In failing to exercise ordinary and reasonable care under the circumstances.

22.     As a direct and proximate result of the negligence of the Defendants, and each of them, Destiny Nyanvu Gak Adong died on March 15, 2017.

## FIRST CAUSE OF ACTION

### Negligence/Survival Action

23.     Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, hereby alleges and reincorporates herein as set forth in length paragraph numbers 1 through 22 of this Complaint.

24.     As a direct and proximate result of the Defendants, negligence, as set forth above in paragraphs numbers 1 through 22, Destiny Nyanvu Gak Adong's medical condition went undiagnosed, untreated and resulted in physical pain, mental suffering and imminent apprehension of death from the time she was discharged from Defendant CHI Health Mercy until the time of her death.

WHEREFORE, Plaintiff prays for judgment on her first cause of action against the Defendants for such damages that a jury determines to be fair and reasonable, together with prejudgment interest, costs and for such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Wrongful Death

25.     Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, hereby alleges and reincorporates herein as set forth in length paragraph numbers 1 through 24 of this Complaint.

26.     That as a direct and proximate result of the negligence of the Defendants, Destiny Nyanvu Gak Adong, Deceased, sustained serious injuries that resulted in her death.

27.     That at the time of her death, Destiny Nyanvu Gak Adong, Deceased, was four (4) years of age.

28.     That Destiny Nyanvu Gak Adong's death has caused her next of kin to sustain past and future loss of comfort, companionship, services, love and affection of Destiny Nyanvu Gak Adong, Deceased, and such other pleasures, rights, and pecuniary value which attend to immediate familial relationships.

WHEREFORE, Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, prays for judgment on her second cause of action against the Defendants for such damages that a jury determines to be fair and reasonable, together with prejudgment interest, costs and for such other relief the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Funeral and Burial Expenses

29.     Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, hereby alleges and reincorporates herein as set forth in length paragraph numbers 1 through 28 of this Complaint.

30.     That as a direct and proximate result of the negligence of the Defendants, Destiny Nyanvu Gak Adong's medical condition went undiagnosed, untreated, and she passed away on March 15, 2017.

31.     That as a direct and proximate result of the Destiny Nyanvu Gak Adong's death, Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, as incurred the expenses of unnecessary funeral and burial expenses.

WHEREFORE, Plaintiff, Alizabeth Adong as the Administrator of the Estate of Destiny Nyanvu Gak Adong, Deceased, prays for judgment on her third cause of action against the Defendants for such damages that a jury determines to be fair and reasonable, together with prejudgment interest, costs and for such other relief the Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a.      Upon her First Cause of Action for negligence and survival;

b.      Upon her Second Cause of Action for wrongful death; and

c.      Upon her Third Cause of Action for funeral and burial expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendant for special and general damages, and for such other relief as may be allowed by the laws of the State of Iowa.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for any and all cause of actions alleged in this Complaint.

Dated this 28th day of January, 2020.

> ALIZABETH ADONG, individually and as
> Administrator of the Estate of DESTINY
> NYANVU GAK ADONG,
> Plaintiff,
>
> By:  /s/Andrew D. Sibbernsen
> Andrew D. Sibbernsen, NE Bar # 22969
> Sibbernsen Law Firm, P.C.
> 444 Regency Parkway Drive, Suite 300
> Omaha, NE  68114
> Telephone (402) 493-7221
> Fax (402) 397-3515
> andy@sibblaw.com
>
> AND

Edward F. Noethe
McGinn Law Firm
20 North 16th Street
Council Bluffs, IA  51501
(712) 328-1566

ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was sent to the following individuals this 28th day of January, 2020.

| | | |
|---|---|---|
| David Welch | [X] | Email |
| PANSING HOGAN ERNST & BACHMAN, LLP | [  ] | Facsimile |
| 10250 Regency Circle, Suite 300 | [  ] | First Class Mail |
| Omaha, Nebraska 68114 | [  ] | Hand Delivery |
| Phone: 402-397-5500 | | |
| dwelch@pheblaw.com | | |

*Attorney for Defendant CHI Health d/b/a CHI Health Mercy Council Bluffs*

| | | |
|---|---|---|
| Hayward L. Draper | [X] | Email |
| Mark A. Schultheis | [  ] | Facsimile |
| NYEMASTER GOODE, P.C. | [  ] | First Class Mail |
| 700 Walnut Street, Suite 1600 | [  ] | Hand Delivery |
| Des Moines, Iowa 50309 | | |
| Telephone: 515-283-3149 | | |
| Facsimile: 515-283-8405 | | |
| hdraper@nyemaster.com | | |
| maschultheis@nyemaster.com | | |

*Attorney for Defendant Kimberly K. Hagner, APRN*

| | | |
|---|---|---|
| William C. Purdy | [X] | Email |
| Kristin E. Olson | [  ] | Facsimile |
| Assistant United States Attorney | [  ] | First Class Mail |
| U.S. Courthouse Annex, Suite 286 | [  ] | Hand Delivery |
| 110 E. Court Avenue | | |
| Des Moines, Iowa 50309 | | |
| Telephone: (515) 473-9309 | | |
| Facsimile: (515) 473-9282 | | |
| bill.purdy@usdoj.gov | | |
| kristin.olson@usdoj.gov | | |

*Attorney for Defendant United States of America*

　　　　　　　　　　　　　　　　　　__/s/Andrew D. Sibbernsen_____

E-FILED  2017 JUN 26 3:17 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

IN THE MATTER OF THE

ESTATE OF DESTINY NYANUU GAK ADONG

Case No. 04781  ESPR042705

**Letters of Appointment**

Docket Event Code:  LEAP

KNOW ALL PERSONS BY THESE PRESENTS:

That having been duly appointed and qualified as Administrator of the above entitled matter,

ALIZABETH ADONG

is vested with all powers authorized by law in the premises.

Letters issued:  06/26/2017

/s/ MARY YOCKEY
Clerk of Court/Designee
POTTAWATTAMIE County





EXHIBIT
"A"



**Westroads Office Park**
1111 N. 102nd Court, Suite 330
Omaha, NE 68114

**Sarpy County Office**
304 Olson Drive, Suite 211
Papillion, NE 68046

Office: (402) 493-7221
Fax:    (402) 397-3515

**E. Terry Sibbernsen**
terry@sibbandstrig.com

**Mandy L. Strigenz**
mandy@sibbandstrig.com

**Andrew D. Sibbernsen**
andy@sibbandstrig.com

**Julie D. Tabor**
julie@sibbandstrig.com

www.sibbandstrig.com

April 27, 2018

*Sent via Certified Mail*

All Care Health Center
902 S. 6th St
Council Bluffs, IA  51503

Meredith Torres
US Dept of Health and Human Services
Office of General Counsel, Claims and Employment
330 C Street S.W., Switzer Building, Suite 2600
Washington, DC  20201

Heidi A. Guttau
Bard Holm LLP
1700 Farnam Street, Suite 150
Omaha, 68102-2068

> Re:   *Matter of claim of Destiny Nyanuu Gak Adong*
> *Date of Birth: September 4, 2012*
> *Date of Death: March 17, 2017*

To Whom It May Concern

 I represent Alizabeth Adong, Personal Representative of the Estate of Destiny Nyanuu Gak Adong, Deceased, in connection with the claim involving the wrongful death of Destiny Nyanuu Gak Adong.  Enclosed, please find the standard Form 95 along with a copy of Letters of Appointment of Alizabeth Adong, as Administrator of the Estate of Destiny Nyanuu Gak Adong, deceased, dated June 26, 2017.



EXHIBIT
"B"

After you have had a chance to review the enclosed, I look forward to hearing from you. Should you have any questions or need anything further in order to process this claim, please do not hesitate to contact me.  Thank you for your time and attention to this matter.

Very truly yours,

Andrew D. Sibbernsen

ADS/clc
Encl
cc: Edward Noethe via email

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
|  | Alizabeth Adong PR for the Estate of Destiny Nyanvu Gak Adong, Deceased<br>3201 Renner Drive #D10<br>Council Bluffs, IA  51501 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 09/04/2012 | Single | 03/15/2017 | PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On March 15, 2017, Alizabeth Adong took her daughter, Destiny Nyanvu Gak Adong, to All Care Health Center in Council Bluff, Pottawattamie County, Iowa, with complaints of fever, abdominal pain, and vomiting.  She was evaluated by employees and agents of All Care Health Center and was sent to the emergency room with out any specific requests for lab work up assessment or treatment. Destiny was seen in the emergency room, prescribed Zofran, discharged and advised to follow up with her pediatrician. Destiny Nyanvu Gak Adong was found later that evening unresponsive.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

As a direct and proximate result of the negligence of the medical personnel employed by All Care Health Center, Destiny Nyanvu Gak Adong was not properly evaluated, assessed or treated on March 15, 2017, thus leaving her medical condition undiagnosed, untreated and resulting in her death. Destiny Nyanvu Gak Adong's cause of death was later determined to be "dehydration as a consequence of presumed viral gastroenteritis".

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Alizabeth Adong | 3201 Renner Drive #D10 Council Bluffs, IA  51501 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|  |  | $1,000,000.00 | $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Alizabeth Adong* | (712) 256 - 8352 | 4 - 25 - 2018 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

#### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

E-FILED  2017 JUN 26 3:17 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

IN THE MATTER OF THE

ESTATE OF DESTINY NYANUU GAK ADONG

Case No. 04781  ESPR042705

### Letters of Appointment

Docket Event Code:  LEAP

KNOW ALL PERSONS BY THESE PRESENTS:
That having been duly appointed and qualified as Administrator of the above entitled matter,

ALIZABETH ADONG

is vested with all powers authorized by law in the premises.

Letters issued:  06/26/2017



/s/ MARY YOCKEY

Clerk of Court/Designee
POTTAWATTAMIE County



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2075
megan.donley@hhs.gov

Date:   MAY 2 1 2018

Andrew D. Sibbernsen, Esq.
Law Offices of Sibbernsen,
     Stringenz & Sibbernsen
1111 N. 102nd Court, Suite 330
Omaha, NE 68114

Re:   <u>Administrative Tort Claim of Alizabeth Adong, as Personal Representative of the</u>
      <u>Estate of Destiny Nyanvu Gak Adong (Deceased)</u>, Claim No. 2018-0434

Dear Mr. Sibbernsen:

This will acknowledge the receipt of your administrative tort claim for wrongful death filed on
behalf of your client, Alizabeth Adong, as personal representative of the Estate of Destiny
Nyanvu Gak Adong, alleging, *inter alia*, that, on March 15, 2017, health care providers at All
Care Health Center, located in Council Bluff, Iowa, failed to provide proper medical treatment to
Destiny Nyanvu Gak Adong, resulting in her death on March 15, 2017 from viral gastroenteritis.
Your client's claim was received in the Claims Office on May 1, 2018 for consideration and
reply.

In order to evaluate your client's administrative tort claim, please forward the following
substantiating evidence directly to this office at the address above **within 15 days**:

1.)   **THREE HARD COPIES** (can be on three separate CD's) of any
      inpatient and outpatient private medical records from which *relate*
      to the allegations contained in the administrative tort claim;

2.)   **THREE HARD COPIES** (can be on three separate CD's) of all
      *pertinent* X-rays, diagnostic imaging, ultrasonography, computed
      tomography (CT) and magnetic resonance imaging (MRI);

3.)   Itemized bills pertaining to all pertinent medical and funeral
      expenses incurred by reason of the alleged incident;

4.)   An authenticated Death Certificate, or other competent evidence
      showing cause of death, date of death, and age of **Destiny Nyanvu
      Gak Adong** at the time of death;

Andrew D. Sibbernsen, Esq.
Re:  Claim No. 2018-0434
Pg. 2

5.)  All Autopsy Reports, showing cause of death, including provisional and final;

6.)  Evidence of the appointment of the administrator or the executor of the estate;

7.)  If a claim is made for lost wages, a signed statement from your client's former employer showing actual time and wages lost;

8.)  Any other evidence or information which you believe has a bearing on the responsibility of the health center and its employees for the injuries and/or the damages claimed; and,

9.)  Evidence of your authority to represent your client in this matter.

**AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS. PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL.**

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time.  By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim.  Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Yours truly,

Megan R. Donley
Paralegal Specialist
Claims Office



# DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel<br>
General Law Division<br>
Claims Office<br>
330 C Street, S.W.<br>
Switzer Building, Suite 2600<br>
Washington, D.C. 20201<br>
Ph: (202) 691-2075<br>
Fax: (202) 691-2035

Date:   JAN  9 2019

**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**
(Article No. 7018 0360 0000 9143 0462)

Andrew D. Sibbernsen, Esq.
Law Offices of Sibbernsen,
　　Stringenz & Sibbernsen
1111 N. 102nd Court, Suite 330
Omaha, NE 68114

Re:    **Administrative Tort Claim of Alizebeth Adong, as Personal Representative of the**
　　　**Estate of Destiny Nyanvu Gak Adong (Deceased)**, Claim No. 2018-0434

Dear Mr. Sibbernsen:

On May 1, 2018, on behalf of your client, Alizebeth Adong, as personal representative of the
Estate of Destiny Nyanyu Gak Adong, you filed the above-referenced administrative tort claim
under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, alleging,
*inter alia*, that, on March 15, 2017, health care providers at All Care Health Center, located in
Council Bluff, Iowa, failed to provide proper medical treatment to Destiny Nyanvu Gak Adong,
resulting in her death on March 15, 2017 from viral gastroenteritis.

The FTCA authorizes the settlement of any claim of money damages against the United States
for, *inter alia*, injury or death caused by the negligent, wrongful act or omission of any employee
of the federal government, while acting within the scope of employment.   Under the FTCA, said
act or omission must be such that the United States, if a private person, would be liable to the
claimant in accordance with the law of the place where the act or omission occurred.   28 U.S.C.
§ 2672.

This letter constitutes the notice of final determination of your administrative tort claim, as
required by 28 U.S.C. §§ 2401(b), 2675(a).   The administrative tort claim of Alizebeth Adong,
as personal representative of the Estate of Destiny Nyanyu Gak Adong, is denied.   The evidence
fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of
a federal employee acting within the scope of employment.



EXHIBIT

Andrew D, Sibbernsen, Esq.
Re:   Claim No. 2018-0434
Pg. 2

If your client is dissatisfied with this determination, she is entitled to:

1.   file a written request with the Agency for reconsideration of the final
     determination denying the claim within six (6) months from the date of
     mailing of this determination (28 C.F.R. § 14.9); or

2.   file suit against the United States in the appropriate federal district court
     within six (6) months from the date of mailing of this determination (28
     U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort
claim within six (6) months from the date the request is received.   If the reconsidered
administrative tort claim is denied, your client may file suit within six (6) months from the date
of mailing of the final determination.

Sincerely yours,

*William a. Biglow /KE*

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch